### PROSECUTIONS FOR SALE OF MILK NOT UP TO STANDARD.

THE STATE OF OHIO, ON THE RELATION OF SMITH, V. SMITH.

69 Ohio State—Decided, November 17, 1903.

*Sale of Milk—Act of April 10, 1889—Regulating Sale—Affidavit as to Nature of Food—Penalty for Violation of Law—Jurisdiction of Justice of Peace—Right of Jury—Mandamus Will Lie, When.*

1. The sale of milk containing 10.61 per cent. of solids, and no more, is punishable under the act of April 10, 1889, to regulate the sale of milk, and the affidavit need not allege that milk is an article of human food.

2. Unless such affidavit charges the particular sale to be a second or subsequent offense, imprisonment can not be imposed as a part of the punishment, and a justice of the peace with whom the affidavit is filed, has jurisdiction to try the accused without the intervention of a jury. *Inwood* v. *The State*, 42 Ohio St., 186, approved and followed.

3. Mandamus will lie to compel the exercise of such jurisdiction. *In re Turner*, 5 Ohio, 542; *State, ex rel*, v. *McCarty, Judge*, 52 Ohio St., 363, approved and followed.

In Mandamus.

An alternative writ of mandamus has been allowed upon a petition of which the following is a copy:

"The relator says that he is an inspector of the dairy and food department of the state of Ohio; that the defendant, Roger V. Smith, is a duly elected, qualified and acting justice of the peace within and for Springfield township, Clark county, Ohio.

"On the eleventh day of August, A. D. 1903, this relator filed his affidavit with the said justice of the peace, charging one Oliver M. Townsley with selling adulterated milk under the provisions of an act entitled 'An act to regulate the sale of milk,' passed April 10, 1889, which said affidavit was in words and figures, as follows, to-wit:

"STATE OF OHIO, CLARK COUNTY, SS.:

"Before me, Roger V. Smith, a justice of the peace in and for Springfield township, Clark county, Ohio, personally appeared J. A. Smith, an inspector of the Ohio dairy and food department, who being first duly sworn, says that on or about the fifth day of August, A. D. 1903, one Oliver M. Townsley did, at the county of Clark aforesaid, sell unto him, the said J. A. Smith, a certain quantity of milk, to-wit, one-half pint, which said milk was adulterated in this to-wit, that said milk did then and there contain 10.61 per cent. of solids and no more, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.                    (Signed)    J. A. SMITH.

"Signed and sworn to before me this, the eleventh day of August, A. D. 1903.            (Signed)    ROGER V. SMITH.
                                    "*Justice of the Peace.*

"Thereafter, to-wit, on the fourth day of September, the said Oliver M. Townsley appeared before the said Roger V. Smith and waived examination and asked to be recognized to be and appear before the next term of the court of common pleas to be holden in and for Clark county, Ohio, but said defendant refused to so bind over and recognize the said Townsley. Thereupon the said Oliver M. Townsley was arraigned upon said affidavit and to the charge therein entered his plea of not guilty.  This relator thereupon demanded that said defendant as such justice of the peace aforesaid, proceed to hear and finally determine the cause presented by said affidavit between the State of Ohio and the said Oliver M. Townsley without the intervention of a jury, with which demand the said defendant, Roger V. Smith, refused and still refuses to comply.

"Your relator has no other adequate remedy, and therefore prays that a writ of mandamus issue compelling the said Roger V. Smith to proceed and hear and finally determine without the intervention of a jury, the questions at issue between the State of Ohio and the said Oliver M. Townsley on the affidavit of the relator, and the said plea of not guilty interposed by the said Townsley, and your relator prays for all such orders, decrees and judgments he may be entitled to."

The defendant demurs to the petition generally.

*Roscoe J. Mauck,* for the plaintiff.

*Roger V. Smith, M. T. Burnham* and *Stafford & Arthur,* for defendant.

SHAUCK, J.; BURKET, C. J., SPEAR, DAVIS, PRICE and CREW, JJ., concur.

It is said that the defendant properly refused to proceed

with the trial of Townsley because the affidavit before him did not charge an offense. If this point were well taken it might not be available to the defendant in the present action. But very clearly the point is not well taken. The act under which the affidavit is filed, being the act of April 10, 1889, "To regulate the sale of milk," provides:

"Whoever * * * * sells * * * adulterated milk, * * * shall, for a first offense, be punished by a fine of not less than fifty or more than two hundred dollars; for a second offense by a fine of not less than one hundred nor more than three hundred dollars, or by imprisonment in the workhouse for not less than thirty nor more than sixty days; and for a subsequent offense, by a fine of fifty dollars, and by imprisonment in the workhouse of not less than sixty days nor more than ninety days."

The fourth section of this act provides that milk which contains less than twelve per cent. solids shall be deemed to be adulterated. Counsel for the defendant do not demonstrate, nor does it appear to be demonstrable, that the act charged, to-wit, selling milk which contained 10.61 per cent. of solids, and no more, is not a violation of the statute.

It is further urged that the defendant, as justice of the peace, is without jurisdiction to try the accused without the intervention of a jury. The affidavit does not charge the sale as other than a first offense and, therefore, imprisonment could not, under the provisions of the statute above quoted, be a part of the punishment. Not only would this conclusion follow the rule applicable to such cases, that every fact relied upon to increase a penalty or punishment must be charged, but it is required by the express terms of Section 3718a, Revised Statutes:

"And provided further, that where, in any such laws, after the first offense, a different punishment is provided for subsequent offenses, the information or affidavit, in order to avail the State of the benefit of such additional punishment, shall so charge that it is the second or subsequent offense, and unless such special charge is so made, the punishment shall in all cases be as of the first offense."

Since *Inwood* v. *The State*, 42 Ohio St., 186, it has not been disputable in this state that the General Assembly may provide for the trial without the intervention of a jury of offenses of the character of this, where imprisonment is not a part of the punishment. By Section 3718a, Revised Statutes, jurisdiction

of these cases has been conferred upon justices of the peace (*The State of Ohio* v. *Ruedy,* 57 Ohio St., 224). There is no provision of the statute for summoning a jury except upon the condition prescribed in the section referred to: "In any such prosecution where imprisonment may be a part of the punishment, if a trial by jury be not waived." Since the defendant, as a justice of the peace, was vested with jurisdiction to try the accused, and was without authority to call a jury for the trial of the charge preferred by this affidavit, his refusal to try the accused without a jury is a refusal to exercise his jurisdiction.

In support of the demurrer it is further insisted that mandamus will not lie to compel the performance of the suggested duty because the defendant has decided that he is without jurisdiction and that decision, if erroneous, can be corrected only by proceeding in error. No statute authorizing a proceeding in error for the reversal of such proceeding has been pointed out, nor does this view of the subject admit the well recognized office of the writ of mandamus. Formerly the writ of *procedendo ad judicium* was awarded by a court of superior jurisdiction to compel a inferior tribunal to proceed in cases where it refused to act because doubtful of its jurisdiction, or satisfied that it had none. It was, in substance, a writ of mandamus though having a peculiar name because of its office in the particular case. But in modern practice the distinction in name has disappeared and mandamus is allowed, not to control discretion, but to compel its exercise. *In re Turner,* 5 Ohio, 542; *State, ex rel,* v. *McCarty, Judge,* 52 Ohio St., 363.

*Demurrer overruled and peremptory writ allowed.*